

AO241
(Rev. 10/07)

## PETITION UNDER 28 USC § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District:<br>**EASTERN DISTRIST OF LOUISIANA** |
|---|---|
| Name (under which you were convicted):<br>**MICHAEL WRIGHT** | Docket or Case No:<br>**16 - 16351** |
| Place of Confinement:<br>**RAYBURN CORRECTIONAL CENTER** | Prisoner No:<br>**559705** |
| Petitioner (include the name under which you were convicted)<br>**MICHAEL WRIGHT**          v. | Respondent (authorize person having custody of petitioner)<br>**ROBERT TANNER, WARDEN<br>RAYBURN CORRECTIONAL CENTER** |
| The Attorney General of the State of Louisiana | **SECT. S MAG 2** |

## PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

**22ND Judicial District Court, Parish of St. Tammany**

   (b) Criminal docket or case number (if you know: **440135 Div. "G"**

2. (a) Date of the judgment of conviction (if you know): **12/06/09**

   (b) Date of sentencing: 12/06/09

3. Length of sentence: **18 years**

4. In this case, were you convicted on more than one count or of more than one crime?        ❑ Yes   X  No

5. Identify all crimes of which you were convicted and sentenced in this case: **Aggravated Incest**

6.  (a) What was your plea? (Check one)

   X (1)   Not guilty          ❑ (3)   Nolo contendere (no contest)

   ❑ (2)   Guilty          ❑ (4)   Insanity plea

   (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

TENDERED FOR FILING

NOV 10 2016

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

(c) If you went to trial, what kind of trial did you have? (Check one)

> X Jury        ❑ Judge only   ❑

7.  Did you testify at a pretrial hearing, <u>trial</u> or a post-trial hearing?

> ☒ Yes        ❑   No

9. If you did appeal, answer the following:

a. Name of court: **1st Circuit Court of Appeal**

b. Docket or case number (if you know): **unpublished opinion**

c. Result: **conviction and sentence reversed**

d. Date of result: **12/22/10**

e. Citation to the case (if you know): **unpublished opinion**

f.  Grounds raised: **N/A**

(g) Did you seek further review by a high state court?        X Yes        ❑ No

> If yes, answer the following:

> (1) Name of court: **Louisiana Supreme Court**

> (2) Docket or case number (if you know): **79 So  3d 309**

> (3) Result: **reversed and remanded back to the Court of Appeal**

> (4) Date of result: **12/6/11**

> (5) Citation to the case (if you know): **79 So  3d 309**

> (6) Grounds raised: **N/A**

(h) Did you file a petition for certiorari in the United States Supreme Court?        ❑ Yes        X No

> If yes, answer the following:

> (1) Docket or case number (if you know): **N/A**

> (2) Result: **N/A**

> (3) Date of result (if you know): **N/A**

> (4) Citation to the case (if you know): **N/A**

10.    Other than the direct appeals listed above, have you previously filed any petitions, applications, or motions concerning this judgment of conviction in any state court?        X Yes        ❑ No

11. If your answer to Question 10 was "Yes," give the following information:

AO241
(Rev. 10/07)

(a)  (1)  Name of Court: **22nd Judicial District Court, Parish of St. Tammany**

    (2)  Docket or case number (if you know): **440135**

    (3)  Date of filing (if you know):**N/A**

    (4)  Nature of the proceeding: **Application for Post Conviction Relief**

    1)  (5)  Grounds raised: **1) Insufficient evidence 2) Ineffective assistance of counsel**

    2)  (6)  Did you receive an evidentiary hearing on your petition, application or motion?

    ❑  Yes      X   No

    (7)  Result: **denied**

    (8)  Date of result (if you know): **June 30, 2014**

(b)  If you filed any second petition, application or motion give the same information:

    (1) Name of court: **N/A**

    (2) Docket or case number (if you know): **N/A**

    (3) Date of filing (if you know): **N/A**

    (4) Nature of the proceeding: **N/A**

    (5) Grounds raised: **N/A**

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

        ❑  Yes     ❑ No

    (7) Result: **N/A**

    (8) Date of result (if you know): **N/A**

(c)  If you filed any third petition, application, or motion, given the same information:

    (1) Name of Court: **N/A**

    (2) Docket or case number (if you know): **N/A**

    (3) Date of filing (if you know): **N/A**

    (4) Nature of the proceeding: **N/A**

    (5) Grounds raised: **N/A**

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?
        ❑  Yes     ❑  No

    (7) Result: **N/A**

(8) Date of result (if you know): **N/A**

(d )   Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?

|  |  |  |  |  |
|---|---|---|---|---|
| (1) First petition: | X Yes | ❑ No |
| (2) Second petition: | ❑ Yes | ❑ No |
| (3) Third petition: | ❑ Yes | ❑ No |

12.        For this petition, state every ground on which you claim that you are being held in violation of the Constitution, Laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground..

> Caution: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies as to each ground on which you request action by the federal court. Also, if you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

## GROUND ONE: INSUFFICEINT EVIDENCE

(a)  Supporting facts (do not argue or cite law. Just state the specific facts that support your claim.):

**(SEE MEMORANDUM IN SUPPORT OF HABES CORPUS)**

(b) If you did not exhaust your state remedies on Ground One, explain why: **Exhausted all remedies**

(c)      **Direct Appeal of Ground One:**

(1) If you appealed form the judgment of conviction, did you raise this issue?     X Yes  ❑ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) Post-Conviction Proceedings:

(1)  Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

X Yes          ❑ No

(2)  If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: **Application for Post-Conviction Relief**

Name and location of the court where the motion or petition was filed: **22nd Judicial District Court, Parish of St. Tammany**

Docket or case number (if you know): **440135**

Date of the court's decision: **June 30, 2014**

Result (attach a copy of the court's opinion or order, if available): **Denied**

(3) Did you receive a hearing on your motion or petition?   ❑ Yes  X  No

(4) Did you appeal from the denial of your motion or petition?   X  Yes  ❑  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue on appeal?   X  Yes  ❑  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: **Court of Appeal, First Circuit**

Docket or case number (if you know): **2014-kw-1236**

Date of the court's decision: **October 23, 2014**

Result (attach a copy of the court's opinion or order, if available): **Writ Denied**

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

**Raised all issues in Appellate Court**

(e) **Other remedies:** Describe any other procedures (such as habeas corpus administrative remedies, etc.) that you have

Used to exhaust your state remedies on Ground One: **Filed to Louisiana Supreme Court, Docket Number 2014-KH-2507,**

**Denied October 2, 2015**

## GROUND TWO: INEFFECTIVE ASSISTANCE OF COUNSEL

(a)     Supporting facts (do not argue or cite law. Just state the specific facts that support your claim.):

**(SEE MEMORANDUM IN SUPPORT OF HABES CORPUS)**

(b) If you did not exhaust your state remedies on Ground Two, explain why: **Exhausted all remedies**

(c)     **Direct Appeal of Ground Two:**

(1) If you appealed form the judgment of conviction, did you raise this issue?   X  Yes  ❑  No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) Post-Conviction Proceedings:

a.   Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

X  Yes     ❑  No

b.   If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: **Application for Post-Conviction Relief**

Name and location of the court where the motion or petition was filed: **22nd Judicial District Court, Parish of St. Tammany**

Docket or case number (if you know): **440135**

Date of the court's decision: **June 30, 2014**

Result (attach a copy of the court's opinion or order, if available): **Denied**

(3) Did you receive a hearing on your motion or petition?                     ❑ Yes  X No

(4) Did you appeal from the denial of your motion or petition?                X Yes  ❑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue on appeal?    X Yes  ❑ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: **Court of Appeal, First Circuit**

Docket or case number (if you know): **2014-kw-1236**

Date of the court's decision: **October 23, 2014**

Result (attach a copy of the court's opinion or order, if available): **Writ Denied**

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

**Raised all issues in Appellate Court**

(e) **Other remedies:** Describe any other procedures (such as habeas corpus administrative remedies, etc.) that you have

Used to exhaust your state remedies on Ground Two: **Filed to Louisiana Supreme Court, Docket Number 2014-KH-2507,**

**Denied October 2, 2015**

13.    Please answer these additional question about the petition you are filing:

(a)    Have all grounds for relief that you have presented in this petition been presented to the highest state court
having jurisdiction?    X Yes❑ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not
presenting them: _____

(b)    Is there any ground in this petition that has not been presented in some state or federal court? If so,
Ground or grounds have not been presented, and state your reasons for not presenting them:

NO

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

that you challenge in this petition?        ❑Yes    No X

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues

raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy

of any court opinion or order, if available.

15.   Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

the judgment you are challenging?   ❑ Yes        X No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the raised.

_____

16.   Give the name and address, if known, of each attorney who represented you in the following stages of the

judgment you are challenging:

(a)   At preliminary hearing: **Marron Farmer – Covington, Louisiana**

(b)   At arraignment and plea: **Marron Farmer – Covington, Louisiana**

(c)   At trial: **Marron Farmer – Covington, Louisiana**

(d)   At sentencing: **Marron Farmer – Covington, Louisiana**

(e)   On appeal: **Frank Sloan – Mandeville, Louisiana**

(f)   In any post-conviction proceeding: **pro se**

(g)   On appeal from any adverse ruling in a post-conviction proceeding: **pro se**

17.   Do you have any future sentence to serve after you complete the sentence imposed by the judgment that you are
challenging?        ❑ Yes        X No

18.   TIMELINESS OF PETITION:  If your judgment of conviction became final over one year ago, you must explain

The one-year statue of limitation as contained in **28 U.S.C. § 2244(d)** does not bar your petition.*

This Petition has been filed within the one year time allowed under the AEDPA Act, and if exceptional

circumstances are needed then the Petitioner asserts that his conviction and sentence are in clear violation of

the VI Amendment to the Untied States Constitution and warrant review by this Honorable Court in the

interest of Justice.

_____
**Petitioner**

AO241
(Rev. 10/07)

Page 8

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255(d) provides in

part that:

(1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

    (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

    (C )     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to case on collateral review; or

    (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)     The time during which a properly filed application for State post-conviction of other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:
**That the Conviction and sentence imposed under be hereby reversed and an original sentence of the trial court be imposed or any other relief to which petitioner may be entitled.**

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system of Rayburn Correctional Center.

Executed (signed) on _____ day of ___November___, 2016.

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

MICHAEL WRIGHT
28 USC §2254

## MEMORANDUM OF LAW IN SUPPORT OF

## APPLICATION FOR WRIT OF HABEAS CORPUS 28 USC §2254

INTO THE HONORABLE COURT comes, Petitioner Michael Wright, and hereby files this Memorandum of Law in Support of his Writ of Habeas Corpus and provides as follows to-wit:

### STATEMENT OF THE CASE

Petitioner, Michael Wright, was charged by bill of information before the 22nd Judicial District Court for having violated Louisiana Revised Statute 14:78.1 (Aggravated Incest). A plea of not guilty was entered against the bill, and a jury of six (6) peers found him guilty as charged. The trial court sentenced him to eighteen (18) years imprisonment at hard labor. **(Exhibit A)**

### PROCEDURAL HISTORY

The appellate project was appointed for direct review, and filed an appeal on Petitioner's behalf, **State v Wright**, *10-0858 (La. App. 1 Cir. 12/22/10 unpublished),* see ruling annexed. The First Circuit Court of Appeal vacated the conviction and sentence, and the State of Louisiana appealed, by writ of certiorari, to the Louisiana Supreme Court, **State v Wright**, *19 So.3d 309 (La.12/6/11),* writ granted and reversed (11-0141). A review of remaining claims (assignments of errors) was assessed and denied, **State v Wright**, *2010-KA-0858 (La. App.1 Cir. 5/2/12).*

Petitioner then applied for post conviction relief before the 22nd Judicial District Court, Docket No. 440-135.

Petitioner filed the following claims for review:

1.)     Insufficient evidence

2.)     Ineffective Assistance of Counsel.

TENDERED FOR FILING

NOV 10 2016

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

1

MICHAEL WRIGHT
28 USC §2254

Honorable Scott Garner of the 22nd Judicial District Court issued a ruling June 30, 2014,

denying the Application for Post-Conviction Relief pursuant to La. C. Cr. P. Art. 930.2. **(Exhibit**

**B)**

Petitioner filed an Application for Supervisory Writs before the Court of Appeal, First

Circuit, and was denied Relief October 23, 2014, Docket Number 2014-KW-1236. **(Exhibit C)**

Petitioner then appealed this decision to the Louisiana Supreme Court and was denied

relief, October 2, 2015, Docket Number 2014-KH-2507. **(Exhibit D)**


## CLAIMS PRESENTED FOR REVIEW

1.)   Insufficient evidence

2.)   Ineffective Assistance of Counsel


## CLAIM I

## INSUFFICIENT EVIDENCE TO SUSTAIN A CONVICTION OF AGGRAVATED INCEST

Petitioner avers that the State Courts erred in rejecting his claim of insufficient evidence

by holding that its review of the evidence was not an obligation of the court to assess. Under the

Fourteenth Amendment of the United States Constitution, as well as Article I, section II of La.

State Constitution of 1974 a criminal defendant is provided Due Process of Law against

conviction " . . . except upon proof beyond a reasonable doubt of every fact necessary to

constitute the crime with which he is charged" **In Re Winship, supra,** *397 U.S. Id. @ 364, 90 S.*

*Ct. @ 1073.* In addition to the primary sources of law cited, Supreme Court announced in

**Jackson v Virginia:**

MICHAEL WRIGHT
28 USC §2254

"whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *99 S.Ct. Id. @ 2789.*

In the instant case, Petitioner points this Honorable Court's attention unto the district court's "order and reasons" during its assessment of the constitutional claim raised.   The Honorable Scott Gardner limited his review of the criminal record solely unto BK's credibility and rested his decision on **State v Williams**, *613 So.2d 252, (La. App. 1st Cir. 1992).* rejecting Petitioner's claim as a presumptive challenge of sufficiency that would require the court to re-evaluate and reweigh the evidence and conclude upon a finding of fact contrary to the jury's verdict.

The standard for determining sufficiency for the evidence in a habeas proceeding is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  **Jackson v. Virginia**, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

The Petitioner concedes that, upon a jury's finding of guilt, the assessment of evidence is a pro-prosecution review " . . . most favorable to the prosecution" **Jackson Id.** @ 2789. However, this pro-prosecution review does not foreclose an assessment on the sufficiency of the evidence in relationship to the fundamental protection of due process of law.

Petitioner's case on Direct Appeal was reversed by the Court of Appeal's First Circuit, the State filed to the Louisiana Supreme Court and the Louisiana Supreme Court, reversed the decision of the Court of Appeals and remanded back to the Court of Appeals for a decision.

The only evidence that was filed in this case is the statement of (BK), the alleged victim. BK claims the Petitioner committed the act for which he was accused; however, the Petitioner

3

MICHAEL WRIGHT
28 USC §2254

claims he did not commit the alleged act and has several affidavits that not only substantiates that he had not committed the offense, but that BK had fabricated the story.

The First Circuit rendered a decision in this case stating that the prejudicial nature of the La. C.E. art 412.2 evidence outweighed its probative value and refused to allow its introduction. During the trial of the Petitioner, restricted evidence was introduced by the prosecution and Counsel for the Petitioner, Mr. Farmer objected and moved for a mistrial. The only evidence linking the Petitioner to the crime of aggravated incest is that of the victim's statement, and with the affidavit that the Petitioner provided to the State Court's for review clearly proves that the victim, (B.K.) was lying on the stand in order to find the Petitioner guilty of the charged offense. However, the Jury found the Petitioner guilty as charged.

There is no direct evidence linking the Petitioner to this crime and there is no factual documentation other that someone crying, "Wolf" of a crime committed. The Petitioner is currently serving a conviction and sentence in the State of Louisiana that has no evidence used against him. This claim was reversed by a State Court and then reinstated by the Louisiana Supreme Court and the same claim has been presented in his Application for Post-Conviction Relief. The claims were one word denials in both the Court of Appeals First Circuit and the Louisiana Supreme Court. By the State's own admission in their ruling it is the Victim's testimony vs. the Petitioner's testimony. If the evidence is not weighed in this case by the Federal Court, the Petitioner will continue to be denied the interest of justice. For if viewed in favor of the Petitioner the evidence would clearly establish his actual innocence. A rational judge would find this case debatable.

4

MICHAEL WRIGHT
28 USC §2254

## CLAIM II

# INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner filed a Sixth Amendment violation, (Ineffective Assistance of Counsel), against both of his attorneys' (trial and appellate) representation arguing their performance fell below objective standard of reasonableness that resulted in (1) cumulative trial counsel error, and (2) denial of appellate and discretionary review.

Trial counsel's performance fell below the objective standard of reasonableness when he failed to (A) investigate the leads in order to learn of the potential witnesses, (B) interview those witnesses to ascertain the relevance of their testimonies, (C) prepare a plausible line of defense based on those witnesses (D) and failed to read the Discovery from the prosecution to prepare his case before the day of the trial. (Upon reading the transcript of the pre-trial in lemine hearing, it is evident that my lawyer had not read the discovery before the day of trial in order to prepare a defense. My Lawyer had the Discovery for over a year and also knew who the prosecution was going to call as an expert witness. My Lawyer failed to call an expert witness to rebut the prosecution expert. Nor did he call any other witness relevant testimony from the list Petitioner gave him).

The trial court argued that Petitioner made general statements in reference to counsel's failure without specifying what the investigation would have revealed or how it would have altered the outcome of the trial.

Petitioner identified acts of counsel that prove unreasonable professional judgment by presenting affidavits' from his wife, (Brandi Wright) and David Harvey. Mrs. Wright declared that if she had been called as a witness, she would have testified to the Petitioner's character and

MICHAEL WRIGHT
28 USC §2254

rebutted B.K.'s testimony of other crime-wrong acts committed against her.  Furthermore, the affidavit from David Harvey proves that the allegations made by BK were fabricated.

The court addressed the issues of Vincent and David Harvey, holding that both affiants' testimonies were cumulative regarding the truthfulness of BK's testimony which was rejected by the jury. Petitioner argued that Vincent and David's testimonies were relevant to ascertain BK's state of mind, since they were both present with the victim after the alleged crime was supposed to have occurred.

By counsel failing to perform his duties and exercise the powers of the court and bring forth the witnesses in this case, he negatively affected the outcome of the trial court and the jury's decision in this case.  These are clear and convincing testimonies with affidavits supported, that could have altered the verdict to a not guilty.  B.K. obviously fabricated his testimony, because of his stepmother, and she gave an affidavit verifying this information and to the credibility of the Petitioner's character.  By not calling these witnesses to the trial court for testimony prejudiced the Petitioner's case, and Counsel's performance fell below the standard required by the Louisiana Cannon Laws of this State.

This case is purely circumstantial and would be decided based on whom the jury decides is more credible.  Petitioner had given counsel a list of potential witnesses that were present during the time in question and could have testified to BK's demeanor after he says he was raped, as well as to his character in general of being a deceitful, manipulative person.

The following would have testified and verified the following facts:

Hubie Funderburk (my wife's uncle) would verify he was placed in the same predicament and charged with aggravated incest in 2007, (three months before I was charged), with no

MICHAEL WRIGHT
28 USC §2254

evidence but testimony from the victim, which allowed his wife to take all of their possessions as well as gain sole custody of the children while he waited in jail for a trial.

Denna Baronet, (Brandi's mother) would have bee forced to testify to her relationship with BK and collusion on fabricating the story using the details of her own brother's aggravated incest charge. That would have cast doubt on BK's truthfulness in this case which is based soley upon who the jury believes is more credible.

Vince Harvey, Jennifer Harvey, David Harvey, Sandra Spano, and several others were present before and after the alleged crimes were to have occurred and would have testified that the victim's demeanor at these times were not consistent of a boy who had just been raped by his father.

Brandi Wright would have testified that Brandon was a liar and a manipulator who had been angry at Brandi and Michael's relationship from the beginning, and that he had tried to turn his father into the Police from the point when he first learned of the relationship, and when the Police did nothing, BK constantly tried to pressure Brandi to turn against Michael and go to the Police.

"The Sixth Amendment, applicable to the States by the terms of the Fourteenth Amendment, provides that the accused shall have the assistance of counsel in all criminal prosecutions." **Missouri v. Frye,** --- U.S. ----, 132 S.Ct. 1399, 1404, 182 L.Ed.2d 379 (2012); **State v. Messiah**, 85-1659 (La.12/12/88), 538 So.2d 175, 185.   The United States Supreme Court has long recognized that the right to counsel is the right to the effective assistance of counsel.  See **McMann v. Richardson**, 397 U.S. 759, 771, n. 14, 90 S.Ct. 1441, 1449, n. 14, 25 L.Ed.2d 763 (1970) (citing **Reece v. Georgia**, 350 U.S. 85, 90, 76 S.Ct. 167, 170, 100 L.Ed. 77 (1955); **Glasser v. United States**, 315 U.S. 60, 69-70, 62 S.Ct. 457, 464-65, 86 L.Ed. 680

MICHAEL WRIGHT
28 USC §2254

(1942); **Avery v. Alabama**, 308 U.S. 444, 446, 60 S.Ct. 321, 322, 84 L.Ed. 377 (1940); **Powell v. Alabama**, 287 U.S. 45, 57, 53 S.Ct. 55, 59-60, 77 L.Ed. 158 (1932)). Claims of ineffective assistance of counsel are generally governed by the standard set forth by the Supreme Court in **Strickland v. Washington**, and adopted by the State Court's in **State v. Washington**, 85-2339 (La.7/18/86), 491 So.2d 1337, 1339.

To prevail on such a claim, a defendant must first show that "counsel's representation fell below an objective standard of reasonableness." **Strickland**, 466 U.S. at 687-88, 104 S.Ct. 2052. The Supreme Court further noted that "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error has no effect on the judgment." Id. at 691, 104 S.Ct. 2052. Additionally, the Court reasoned "[t]he purpose of the Sixth Amendment guarantee of counsel is to ensure that a defendant has the assistance necessary to justify reliance on the outcome of the proceeding. Accordingly, any deficiencies in [2012-1410 La. 6] counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution." Id. at 691-92, 104 S.Ct. 2052. Thus, the Strickland Court held that the "defendant must [also] show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694, 104 S.Ct. 2052. The Court further explained that in making a determination of ineffectiveness of counsel, "the ultimate focus of inquiry must be on the fundamental fairness of the proceeding whose result is being challenged. In every case the court should be concerned with whether, despite the strong presumption of reliability, the result of the particular proceeding is unreliable because of a breakdown in the adversarial process that our system counts on to produce just results." Id. at 696, 104 S.Ct. 2052.

8

MICHAEL WRIGHT
28 USC §2254

The failure of the Appellate Counsel to fully litigate this claim further may prohibit the Petitioner under the AEDPA standard required by the Federal Court of the one year tolling period for filing an Application for Writ of Habeas Corpus. It is the reason this claim has been presented before this Honorable Court for review and should be addressed, that the tolling period required by the Federal Court of one year should be satisfied for Appellate Counsel for the Petitioner failed to raise the issue in Louisiana Supreme Court and Petitioner had to pro se the Writ into the Court therefore, Petitioner then had to perfect and file an Application for Post-Conviction Relief and under the requirements of 28 USC 2244 the tolling period for filing an Application for Post-Conviction Relief should not be held against the Petitioner.

## PRAYER

Petitioner has presented before this Honorable Court several Federal Questions of Law that need to be heard and addressed before this Honorable Court. The evidence in this case is clearly circumstantial, there is no physical evidence linking the Petitioner to the crime committed. This claim in itself is under the actual innocence doctrine and may be examined by the Federal Court with equitable tolling. The only evidence that was heard was that of the victim stating a crime had been committed, but there are affidavits obtained and could have been testified to in trial that would have changed the outcome of the trial. Instead, counsel for the Petitioner never exercised his rights and allowed the Petitioner to stand alone against the accusations brought against him. Counsel's performance was a clear violation of the VI and XIV Amendment of the United States Constitution and meets the two prong test in Strickland and should be addressed by this Honorable Court.

MICHAEL WRIGHT
28 USC §2254

    **WHEREFORE** Petitioner PRAYS that this Honorable Court grant the forgoing Application for Writ of Habeas Corpus and reverse the conviction and sentence against the Petitioner.

<div style="margin-left: 50%;">

Respectfully submitted,

Michael Wright #559705
Rayburn Correctional Center
27268 HWY 21 N
Angie, Louisiana 70426

</div>

MICHAEL WRIGHT
28 USC §2254

# EXHIBIT A

MICHAEL WRIGHT
28 USC §2254

# EXHIBIT B

FILED

JUL 0 1 2014

MALISE PRIETO - CLERK
Deputy

STATE OF LOUISIANA          NUMBER:  440135

                            DIVISION "G"  CRIMINAL

VERSUS                      22ND JUDICIAL DISTRICT COURT

                            PARISH OF ST. TAMMANY

MICHAEL A. WRIGHT           STATE OF LOUISIANA

<div align="center">ORDER AND REASONS</div>

This matter is before the Court pursuant to an Application for Post Conviction Relief (the "Application") filed pro se by Michael A. Wright ("Petitioner" "Defendant" or "Wright").  Petitioner asserts two claims, 1) insufficient evidence and 2) ineffective assistance of both retained trial and appointed appeals counsel. For the reasons which follow, this court finds that Petitioner has failed to meet his burden of proof and therefore, dismisses the Application.

Petitioner was charged with aggravated incest involving his then 17 year old son, B. K. over a Mardi Gras weekend in 2007. Wright retained counsel, Marion Farmer, who filed several pre-trial motions including a Motion in Limine regarding evidence of Petitioner's history of domestic abuse.  Farmer also opposed the State's "Other Crimes Notice" filed pursuant to La. C.E. Art 412.2.  The evidence subject of the Notice related to Petitioner's alleged propensity towards sexually assaultive behavior with young children, that being Petitioner's impregnating 14 year old B.C., a class mate and close friend of B. K.  The sexual encounter between B.C. and Petitioner giving rise to the birth of their daughter occurred while Petitioner was married to another woman.

Prior to trial, the court held that the prejudicial nature of the 412.2 evidence

1

outweighed its probative value and therefore refused to allow its introduction. During the trial, however, other testimony caused the court to revisit the issue and allowed the evidence to come in, despite Farmer's vigorous arguments in opposition and motions for mistrial. At the conclusion of the trial, the jury found the defendant guilty as charged.

The matter was appealed and the First Circuit reversed the trial court on the evidentiary issue and remanded for re-trial. The State then sought Writs from the Supreme Court which reversed the First Circuit and remanded back to that court to address the other errors asserted in the appeal. On remand, the First Circuit affirmed the conviction and sentence. Petitioner then timely filed this Application.

**INSUFFICIENT EVIDENCE**

The standard for reviewing a "sufficiency of evidence" claim requires that a conviction be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime charged beyond a reasonable doubt. State v. Rosiere, 488 So. 2d 965 (La. 1986)

Both the victim and the Petitioner testified at trial. Other than admitting that they were together on the weekend in question, little in their recitations of the events matched. The victim set forth facts sufficient to establish guilt of the charged offense whereas Petitioner denied the allegations. Petitioner and others also testified about the victim's untruthful and disruptive past. The jury chose to accept the victim's version and reject that of Petitioner. A victim's testimony alone is sufficient to convict a defendant if it is believed by the jury. State v. Orgeron 512 So. 2d 467 La.App. 1st Cir., 1987, writ denied 519 So. 2d 113 (La. 1988)

2

As the trier of fact, a jury is free to accept or reject, in whole or in part, the testimony of any witness. Moreover, where there is conflicting testimony about factual matters, the resolution of which depends upon a determination of the credibility of the witnesses, the matter is one of the weight of the evidence, not its sufficiency. State v. Richardson , 459 So 2d 31 (La. App. 1st Cir. 1984). An appellate court will not reweigh the evidence to overturn a fact finder's determination of guilt. State v. Taylor, 97-2261 (La. App 1st Cir 9/25/98), 721 So 2d 929. "The credibility of a witness's testimony is a matter of the weight of the evidence. A determination of the weight to be given evidence is a question of fact for the trier of fact and is not subject to appellate review." State v. Williams, 613 So. 2d 252 (La. App. 1st Cir. 1992).

Insofar as the affidavit of David Harvey, the facts set forth duplicate the essence of the testimony of others as to the victim's untruthfulness. They are not "new evidence" of the facts which would serve to establish Petitioner's innocence of the charged crime.

Petitioner's arguments regarding the "sufficiency of evidence" require this court to re-evaluate and reweigh the evidence and make findings of fact that are in conflict with that of the jury.  It is not the obligation nor the prerogative  of this court in this proceeding to act as the seventh juror. Therefore, this claim is rejected.

INEFFECTIVE ASSISTANCE OF COUNSEL

In Strickland v. Washington 466 U.S. 668, 104 S Ct. 2052, 80 L Ed. 2d 674 (1984) the Supreme Court set forth the standard for analyzing ineffective assistance of counsel claims as follows:

A convicted defendant's claim that counsel's assistance was so defective as to

3

> require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

To establish prejudice under Strickland, defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. 466 US at 694, 104 S Ct 2068. "The mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." Ransom v. Johnson, 126 F. 3d 716, 721 (5th Cir 1997) cert denied 522 US 944, 118 S. Ct, 361, 139 L. Ed. 281 (1997). The petitioner must show "that the adversary process in the present case went so far wrong that no court may have confidence that it produced a reliable and just result." State v. Stewart 2000-2960 (La 3/15/02). 815 So 2d 14, 19.

> A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy." See Michel v. Louisiana, supra, 350 U.S., at 101, 76 S.Ct., at 164. There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way. See Goodpaster, The Trial for Life: Effective Assistance of Counsel in Death Penalty Cases, 58 N.Y.U.L.Rev. 299, 343 (1983). Strickland supra.

> In the memorandum in support of his Application, defendant sets out a

4

laundry list of alleged failings by both trial and appellate counsel.  As to appellate counsel he asserts that counsel should have raised insufficient and newly discovered evidence.  Since Petitioner would not have prevailed on the sufficiency issue for the reasons previously noted, Wright cannot satisfy his <u>Strickland</u> burden.

On the newly discovered evidence issue Petitioner mentions his wife, B. C. and Vincent and David Harvey.  The wife's affidavit will be discussed later as Petitioner also claims trial counsel error regarding her testimony.  There is no affidavit from Vincent and further, any evidence he could offer about the victim's alleged sexual orientation would not be relevant.  The facts set forth in David Harvey's affidavit are cumulative of testimony elicited from other witnesses at trial about victim's lack of truthfulness which was rejected by the jury.

Petitioner also states that appellate counsel should have applied for writs "on the remand and reversed assignment of errors."  Procedurally, this would not have been proper and even if a request for rehearing would have been, Wright fails to establish such a request might have been granted.  Also, appellate counsel was not obligated to take that step as the constitution does not guarantee Supreme Court review.  Wright also states that "appellate court counsel abandoned the remaining assignment of errors" but fails to note that those assignments survived the Supreme Court's action and in fact, were the basis for the second opinion by the First Circuit.

Lastly, Petitioner argues that the failings of appellate counsel resulted in a loss of federal habeas review.  This claim is at least premature until Petitioner is actually denied that relief.

Insofar as trial counsel's performance, Petitioner argues that the jury was improperly provided "other crimes" evidence.  Wright fails to note that Farmer

argued against its admission both before and during trial, and moved for mistrial on several occasions. Also, since the high court determined that the evidence was properly admitted, even if any individual lack of effort on Farmer's behalf to forestall its introduction could be asserted, no prejudice can be established.

Wright also asserts that Farmer failed to prepare, interview and investigate witnesses. Undoubtably, an attorney has an ethical duty to investigate. "A defendant who asserts a claim of ineffective counsel based on a failure to investigate must allege with specificity what the investigation would have revealed and how it would have altered the outcome of a trial. General statements and conclusory charges will not suffice." State v. Casteneda, 94-1118 (La. App. 1st Cir. 6/23/95), 658 So 2d 297, 306.

Vincent and David Harvey's testimony has already been addressed herein. Wright argues that "not even a hint of sexual impropriety was ever mentioned by B.K. of his father." At the same time he offers the affidavit of B. C., his wife. Petitioner and B. C. met through the victim, who knew her from school. At the time, Petitioner was married to another woman which marriage continued while Petitioner was having sexual relations with B.C. who was only 14. When she became pregnant, Petitioner took her to Texas to get married.

B. C.'s affidavit does not address the allegations of the charged offense, only that she "never felt that he was guilty." She states that in connection with the victim's testimony, "I was shocked" but not that the testimony was untruthful. What the affidavit does say is that the witness would have testified at trial, that she would have testified Petitioner was a "good father to our daughter as well as to Brandon. Brandon was defiant and manipulative. He always lied to get his way."

Affiant also notes that she and Wright "recently got back in contact with each other so that he could talk to our daughter while she was at my house," recently being five years after the trial. The affidavit establishes that their daughter does not carry Wright's name despite the fact that the parents were married to each other when she was born.

"Courts must judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct, and scrutiny of counsel's performance must be highly deferential." Rose v. Flores-Ortega, 528 US 470, 120 S. Ct 1029, 1034-35, 145 L. Ed. 2d 985 (2000). There was no dispute that the victim was a troubled young man. There was also no dispute that Petitioner was not the model father. The victim testified that Petitioner abused B. C. and eventually kicked her and their daughter out. Putting B. C. on the stand would have exposed her to vigorous cross examination by the State. Since the affidavit does not suggest that B. C. would provide only glowing testimony favoring Petitioner and none to his detriment, Farmer's decision not to seek her testimony "might be considered sound trial strategy."

Petitioner has failed to meet his burden of proof under C.Cr.P.art. 930.2 and this Application is denied.

Covington, Louisiana, this _____ day of May, 2014.

A TRUE COPY

_____
N. CLERK 22nd JUD. DIST. COURT
ST. TAMMANY PARISH, LA

_____
JUDGE SCOTT GARDNER

PLEASE SERVE ALL PARTIES
INCLUDING PETITIONER'S CUSTODIAN

7

MICHAEL WRIGHT
28 USC §2254

# EXHIBIT C



Office Of The Clerk
## Court of Appeal, First Circuit
State of Louisiana
www.la-fcca.org

Christine L. Crow
Clerk of Court

Post Office Box 4408
Baton Rouge, LA
70821-4408
(225) 382-3000

### Notice of Judgment and Disposition
October 23, 2014

Docket Number:  2014 - KW - 1236

State Of Louisiana
versus
Michael A. Wright

TO:   Hon. Walter P. Reed
      St. Tammany Parish
      701 North Columbia St.
      Covington, LA 70433

Michael Anthony Wright
Rayburn Correctional Center
27268 Hwy 21
Angie, LA 70426

      Hon. Scott Gardner
      701 N. Columbina, Room 31:
      Covington, LA 70433

In accordance with Local Rule 6 of the Court of Appeal, First Circuit, I hereby certify that this notice of judgment and disposition and the attached disposition were transmitted this date to the trial judge or equivalent, all counsel of record, and all parties not represented by counsel.

CHRISTINE L. CROW
CLERK OF COURT

A  1 of 2

# STATE OF LOUISIANA
# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

VERSUS

MICHAEL A. WRIGHT

NO.   2014 KW 1236

OCT 2 3 2014

---

In Re:   Michael A. Wright, applying for supervisory writs, 22nd Judicial District Court, Parish of St. Tammany, No. 440,135.

---

BEFORE:   PARRO, KUHN AND McDONALD, JJ.

WRIT DENIED.

RHP
JEK
JMM

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT

A 2 of 2

MICHAEL WRIGHT
28 USC §2254

# EXHIBIT D

14

# The Supreme Court of the State of Louisiana

STATE EX REL. MICHAEL A. WRIGHT

NO.   2014-KH-2507

VS.

STATE OF LOUISIANA

– – – – – –

IN RE:  Michael A. Wright; – Plaintiff; Applying For Supervisory
and/or Remedial Writs, Parish of St. Tammany,  22nd Judicial District
Court Div. G, No. 440135; to the Court of Appeal, First Circuit, No.
2014 KW 1236;

– – – – – –

October 2, 2015

Denied.

GGG

JTK

JLW

MRC

JDH

SJC

Supreme Court of Louisiana
October 2, 2015

Deputy  Clerk of Court
        For the Court

B  1 of 1

MICHAEL WRIGHT
28 USC §2254

# EXHIBIT E

15



Office Of The Clerk

## Court of Appeal, First Circuit
State of Louisiana
www.la-fcca.org

Christine L. Crow
Clerk of Court

Post Office Box 4408
Baton Rouge, LA
70821-4408
(225) 382-3000

### Notice of Judgment
December 22, 2010

Docket Number:  2010 - KA - 0858

State Of Louisiana
        versus
Michael Anthony Wright

TO:     Hon. William J. Crain
        3122 Justice Center
        701 N. Columbia
        Covington, LA 70433

        Hon. Walter P. Reed
        St. Tammany Parish
        701 North Columbia St.
        Covington, LA 70433

Kathryn Landry
Special Appeals Counsel
IEYOUB & LANDRY, L.L.C.
Post Office Box 82659
Baton Rouge, LA 70884

Frank Sloan
Louisiana Appellate Project
948 Winona Drive
Mandeville, LA 70471

You are hereby served with a copy of the opinion in the above-entitled case.  Your attention is invited to Rule 2-18.
Rehearing of the Uniform Rules of Courts of Appeal.

I hereby certify that this opinion and notice of judgment were mailed this date to the trial judge, all counsel of record,
and all parties not represented by counsel as listed above.

CHRISTINE L. CROW
CLERK OF COURT

C  1 of 9

NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2010 KA 0858

STATE OF LOUISIANA

VERSUS

MICHAEL ANTHONY WRIGHT

Judgment Rendered:   DEC 2 2 2010

* * * * * *

On Appeal from the Twenty-Second Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Docket No. 440135

Honorable William J. Crain, Judge Presiding

* * * * * *

Walter P. Reed                          Plaintiff/Appellee
District Attorney                       State of Louisiana
Covington, Louisiana

Kathryn W. Landry
Assistant District Attorney
Baton Rouge, Louisiana

Frank Sloan                             Counsel for Defendant/Appellant
Mandeville, Louisiana                   Michael Anthony Wright

* * * * * *

BEFORE:  WHIPPLE, McDONALD, AND McCLENDON, JJ.

Whipple, J. concurs.

**McCLENDON, J.**

Defendant, Michael Anthony Wright, was charged by bill of information with aggravated incest, a violation of LSA-R.S. 14:78.1. Defendant entered a plea of not guilty. After a trial by jury, defendant was found guilty as charged. He was sentenced to eighteen years imprisonment at hard labor. Defendant now appeals, assigning as error the admission of other crimes evidence and the trial court's denial of his motions for mistrial. For the following reasons, we reverse the conviction, vacate the sentence, and remand for a new trial.

## STATEMENT OF FACTS

While the specific dates are uncertain, the instant offense was alleged to have occurred between February 15, 2007 and February 21, 2007, during Mardi Gras festivities when defendant and the victim stayed at the La Quinta Inn in Slidell, Louisiana. Defendant is the father of the seventeen-year-old victim in this case, B.K., who was born as a result of defendant's sporadic relationship with the victim's mother.[1] According to the victim's mother, during B.K.'s early teenage years, he began to get into trouble at school and home. She contacted defendant, and B.K. began living with defendant when he was thirteen years old on a discontinuous basis.

According to B.K., he and defendant smoked crack cocaine, marijuana, took pain pills, and consumed alcohol during 2007 Mardi Gras festivities. The victim further indicated that he and defendant "got into a couple of fights" and stated that while they were staying at the La Quinta Inn, defendant "had me do oral sex on him." The victim further stated, "we stayed another night and we did anal sex twice." The victim confirmed that the intercourse was painful and while he ultimately asked defendant to stop, he did not fight because he was scared defendant would physically hurt or beat him. The victim had turned seventeen years old on February 10. B.K. reported the incidents to his maternal

---

[1] Herein, we reference the victim, whose date of birth is February 10, 1990, by initials only. See LSA-R.S. 46:1844W.

2

C 3 of 9

grandmother and mother before making a statement to the police on July 22, 2007, at his mother's insistence.

## OTHER CRIMES EVIDENCE

In the first assignment of error, defendant contends that the trial court abdicated its authority by permitting the state to ignore the *in limine* ruling that evidence or testimony regarding the age of defendant's wife was inadmissible at trial. Defendant further argues that the prosecutor violated Rule 3.4(e) of the Louisiana Bar Association Rules of Professional Conduct in alluding to a matter of which evidence was inadmissible, that is, the age of defendant's wife, during opening arguments. Defendant contends that the trial court erred in denying the motion for mistrial in this regard. Defendant also contends that the state further elicited inadmissible testimony from the victim's mother regarding defendant's wife. Arguing that the testimony implied that there was something illegal about the sex acts between defendant and his wife, defendant contends that the trial court erred in finding the testimony admissible. Defendant also notes that the state elicited testimony from defendant regarding his wife's age during cross-examination and that the trial court repudiated its pretrial ruling by finding that testimony about defendant's sexual relationship with his wife was admissible because of credibility issues.

In the third assignment of error, defendant, in pertinent part, argues that the erroneous admission of other crimes evidence was not harmless in this case. Defendant notes that the jury was presented with a credibility choice between him and the alleged victim. He further states that his trial testimony established that he had no history of homosexual behavior. Defendant also notes that trial testimony indicated that the victim had a history of anti-social and belligerent behavior.

In this case the state filed a notice of intent to introduce evidence of other crimes by defendant, including sexual acts with a fourteen-year-old female,

C 4 of 9

herein identified as B.C.[2]  The notice further stated that on August 5, 2005, defendant traveled to Texas to marry B.C., who was six-months pregnant and fourteen years old at the time.  The state intended to introduce the evidence pursuant to LSA-C.E. art. 412.2 to show that defendant has a lustful disposition to sexually assault young children.  In ruling on the admissibility of the evidence, the trial court noted that the instant case involves sexually assaultive behavior upon defendant's biological child.  Comparing the acts alleged in the instant offense to the acts involving B.C., the trial court found that they were of a disparate nature and that the probative value of the other acts would be significantly outweighed by its prejudicial effect.  The trial court noted that B.C. is a female who defendant married and had a child with and that the instant case involves defendant's seventeen-year-old son.  Thus, the trial court disallowed "the evidence with regards to the age of the female at the time they began their sexual involvement and actually had a child together."  As noted by defendant, the trial court also warned the state that the introduction of such evidence would result in a mistrial.

As further noted by defendant, during its opening remarks, the state informed the jury that while living with defendant, the victim introduced defendant to B.C. and that defendant married B.C. when she was fourteen-years old.  The defense immediately moved for a mistrial.  The trial court denied the motion for mistrial, noting that the prosecutor's statement did not constitute evidence of a criminal act or wrong, but warned the state to heed the pretrial ruling.  During the direct examination of the victim's mother, the state inquired as to the victim's response when she instructed him to report the incident to the police and the following response was elicited, "He didn't want to call the police because he said his father gets away with everything.  And he said that when he reported his father having sex with [B.C.] --."  The defense again moved for a mistrial.  The trial court denied the motion, finding the statement was not

---

[2] The state also gave notice of its intent to introduce evidence of defendant's acts of domestic violence against B.C., which the trial court ruled admissible.

C 5 of 9

prejudicial considering previous testimony that defendant and B.C. were married. The trial court also noted that during its opening statement, the defense raised the possibility of the victim making a false report in this case and seemingly implied that such a defense may ultimately lead to the admissibility of the other crimes evidence at issue.

Finally, during cross-examination of defendant, the state asked defendant how old B.C. was when he married her and defendant responded that B.C. was fourteen years of age. Defendant objected. The trial court noted the victim's prior testimony that he and B.C. were schoolmates and that the issue of B.C.'s age was at the forefront because the victim and defendant's credibility had been drawn as critical issues, further noting the absence of physical evidence. Considering defendant's testimony, the credibility issues in the case, and the need to "complete the picture," the trial court amended its prior ruling and found the evidence admissible. Thereafter, the state fully questioned defendant regarding the matter, including eliciting testimony as to how many months pregnant B.C. was when defendant married her, and the fact that defendant was married to another woman when he impregnated B.C.

Mistrial is a drastic remedy and warranted only when substantial prejudice will otherwise result to the accused to deprive him of a fair trial. **State v. Booker**, 02-1269, pp. 17-18 (La.App. 1 Cir. 2/14/03), 839 So.2d 455, 467, writ denied, 03-1145 (La. 10/31/03), 857 So.2d 476. A trial court's ruling denying a mistrial will not be disturbed absent an abuse of discretion. **State v. Givens**, 99-3518, p. 12 (La. 1/17/01), 776 So.2d 443, 454.

Article 401 of the Code of Evidence provides that relevant evidence is any evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Evidence of other crimes, wrongs, or acts is generally inadmissible to impeach the character of the accused. LSA-C.E. art. 404B; see **State v. Talbert**, 416 So.2d 97, 99 (La. 1982); **State v. Prieur**, 277 So.2d 126, 128 (La. 1973). To avoid the unfair inference that a defendant

C 6 of 9

committed a particular crime simply because he is a person of criminal character, other crimes evidence is inadmissible unless it has an independent relevancy besides simply showing a criminal disposition. **State v. Lockett**, 99-0917, p. 3 (La.App. 1 Cir. 2/18/00), 754 So.2d 1128, 1130, <u>writ denied</u>, 00-1261 (La. 3/9/01), 786 So.2d 115. However, such evidence may be admissible to prove motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident. LSA-C.E. art. 404B(1). Louisiana Code of Evidence article 412.2A provides:

> When an accused is charged with a crime involving sexually assaultive behavior, or with acts that constitute a sex offense involving a victim who was under the age of seventeen at the time of the offense, evidence of the accused's commission of another crime, wrong, or act involving sexually assaultive behavior or acts which indicate a lustful disposition toward children may be admissible and may be considered for its bearing on any matter to which it is relevant subject to the balancing test provided in Article 403.

The state bears the burden of proving that the defendant committed the other crimes, wrongs, or acts. **State v. Rose**, 06-0402, p. 12 (La. 2/22/07), 949 So.2d 1236, 1243. In accordance with LSA-C.E. art. 403, relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time. Thus, evidence of a prior sexual offense is admissible under Article 412.2 if it is relevant and its probative value outweighs its prejudicial value.

Article 412.2 was a legislative response to earlier decisions from the Louisiana Supreme Court refusing to recognize a "lustful disposition" exception to the prohibition of other crimes evidence under LSA-C.E. art. 404. The language of Article 412.2 closely follows Federal Rule of Evidence 413. Thus, the jurisprudence interpreting the federal rule is highly instructive. <u>See</u> **State v. Wright**, 98-0601 (La.App. 1 Cir. 2/19/99), 730 So.2d 485, 489, <u>writs denied</u>, 99-0802 (La. 10/29/99), 748 So.2d 1157 & 00-0895 (La. 11/17/00), 773 So.2d 732. The federal courts have determined that Federal Rule of Evidence 413 is based upon the premise that evidence of other sexual assaults is highly relevant to

C 7 of 9

prove the propensity to commit like crimes and often justifies the risk of unfair prejudice. See **U.S. v. Guardia**, 135 F.3d 1326, 1328-30 (10th Cir. 1998). Article 412.2 has been consistently applied to allow the introduction of evidence of prior uncharged misconduct in cases where a defendant has engaged in sexually inappropriate behavior with minor individuals similar to the charged misconduct. See **State v. Verret**, 06-1337 (La.App. 1 Cir. 3/23/07), 960 So.2d 208, 222, writ denied, 07-0830 (La. 11/16/07), 967 So.2d 520; **State v. Williams**, 41,731 (La.App. 2 Cir. 1/24/07), 950 So.2d 126, 131-32, writ denied, 07-0465 (La. 11/2/07), 966 So.2d 599; **State v. Mayeux**, 06-944 (La.App. 3 Cir. 1/10/07), 949 So.2d 520, 528-299.   Generally, a trial court's ruling on the admissibility of evidence of other crimes will not be overturned absent an abuse of discretion.  **State v. Galliano**, 02-2849, pp. 3-4 (La. 1/10/03), 839 So.2d 932, 934 (per curiam).

Louisiana Code of Criminal Procedure Article 770(2) provides that a mistrial shall be granted when a remark or comment is made referring to other crimes of which the evidence would have been inadmissible.   Moreover, an attorney is prohibited from alluding to any matter that the attorney does not reasonably believe is relevant or that will not be supported by admissible evidence.   State Bar Articles of Incorporation, Art. XVI, Rules of Professional Conduct, Rule 3.4(e).  The standards in the Rules of Professional Conduct have the force and effect of substantive law. See **Succession of Cloud**, 530 So.2d 1146, 1150 (La. 1988).

In this case, we agree with the trial court's initial finding and ruling that the evidence of the defendant's sexually assaultive behavior with a female child whom he ultimately married and bore a child with is not similar to the charged misconduct in this case, homosexual, incestuous sexual intercourse with his seventeen-year-old biological son or admissible under Article 412.2.  We find further that the other crimes evidence had no independent relevancy besides simply showing a criminal disposition. See **State v. Lafleur**, 398 So.2d 1074, 1080 (La. 1981).  The evidence was impermissibly introduced to attack the

7

C 8 of 9

character of the accused. Any probative value this evidence may have is far outweighed by the danger this evidence would unfairly prejudice defendant in the eyes of the jury, leading it to render a guilty verdict because of the prior acts rather than on the strength of the evidence of the offense for which he was charged. Thus, the evidence is barred by the balancing test of Article 403.

The erroneous admission of other crimes' evidence is a trial error subject to a harmless error analysis. **State v. Johnson**, 94-1379 (La. 11/27/95), 664 So.2d 94, 101. The test for determining harmless error is whether the verdict actually rendered in the case was surely unattributable to the error. **Sullivan v. Louisiana**, 508 U.S. 275, 279, 113 S.Ct. 2078, 2081, 124 L.Ed.2d 182 (1993). Herein, the verdict was based solely on a credibility determination. Considering there was no physical evidence in this case and the evidence against defendant consisted solely of the victim's testimony, we cannot conclude that the guilty verdict actually rendered in this trial was surely unattributable to the erroneously introduced evidence. Based on the foregoing assessment, the remarks and other crimes evidence presented by the prosecution were inadmissible and prejudicial. The trial court erred in admitting the evidence in question and abused its discretion in denying the motions for mistrial in this regard. The conviction must be reversed and the case remanded to the trial court for a new trial. Finding merit in this assignment of error, we pretermit discussion of assignment of error number two. We further pretermit discussion of assignment of error number three to the extent that it has not been addressed above.

**CONVICTION REVERSED, SENTENCE VACATED, AND REMANDED FOR A NEW TRIAL.**

C 9 of 9

MICHAEL WRIGHT
28 USC §2254

# EXHIBIT F

Affidavit Statement In Support
Of Rebuttal Testimony

Before me, the undersigned notary, appeard the affiliate of self volition, free of coercion, force, promise, intimidation, or threat, who deposed unto me the following

PRIMA FACE OF EVIDENCE

My full name is Brandi Renee' Wright. I was born on on October 9,1990. I am the lawful wife of Michae Anthony Wright. We were married August 5,2005 in Vidor,Texas. On October 16,2005, I gave birth to our daughter (Trinity Grace Candelaria). As of this date, Michael and I are still married. Following Michaels arrest, I told him I would testify on his behalf if he had to go to court. Michael and I were not together all the time, but I never felt he was guilty, so I offered my support. He told me he would have his lawyer call me to court if he went to trial. I never received a call from his lawyer or a notice from court. Michael and I recently got back in contact with each other so that he could talk to our daughter while she was at my house. When I heard some of the things brandon said during the trial, I was shocked. I would have testified that Michael was a good father to our daughter as well as to Brandon. Brandon was defiant and manipulative. He always lied to get his way. Had I testified in court about all I know about Brandon, I feel Michael would have been found not guilty.

On This Day the 21ST of April 2014 The Above mentioned Affiant BRANDI C. WRIGHT Did come Personally Before me to Attest & Swear THAT The Following STATEMENT of FACT is in' fact TRUE AND has been Duly Sworn Before me Stephen L. LeBleu, Notary Public State of Louisiana. Thus done and Signed on this 21ST Day of April 2014.

x _Brandi C Wright_
AFFIANT
BRANDI C. WRIGHT

x _Stephen L. LeBleu_
Notary

Stephen L. LeBleu
Notary ___ ___ te of La.
La. ___ ___ 1886
4 21 2014

Stephen L. LeBleu
Notary Public State of La.
La. Notary ID# 64686

Mobile Notary Services
Stephen L LeBleu
State ID # 64686

F 8 of 9

MICHAEL WRIGHT
28 USC §2254

# EXHIBIT G

**GENERAL AFFIDAVIT**

State of Louisiana


BEFORE ME, the undersigned Notary, _TAMMY R MALOCH_
*Notary before whom affidavit is sworn*], on this ___20TH___ day of ___December___, 20_12_, [name of
personally appeared <u>David C. Harvey</u>, known to me to be a credible person and of lawful age, who being by me first
duly sworn, on his oath, deposes and says:

In late summer of 2010, I had a chance meeting with Brandon Kelly at The Country Club located at 634
Louisa St. in New Orleans, LA, where I asked Brandon about the allegations against his father Michael, A.
Wright. After some prodding he confided in me that he and his step mother, Brandy R. Wright, had
fabricated the charges of molestation on Michael specifically so that he would be arrested. Brandon
went on to say that they wanted him to get a lot of time so that they (Brandon and Brandy) could raise
Grace together.


[Signature of affiant]

<u>David C. Harvey</u>
*[typed name of affiant]*

_857 Brownswitch Rd #162  Slidell, La  70458_
*[address of affiant, line 1]*


_____
*[address of affiant, line 2]*


Subscribed and sworn to before me, this ___20TH___ [day of month] day of ___December___ [month],
20_12_.

[Notary Seal:]

[signature of Notary] – _TAMMY R MALOCH_
_Notary I.D. #37397_

TAMMY R. MALOCH
NOTARY PUBLIC # 37397
RED RIVER PARISH, LOUISIANA
My Commission is for Life.

E 9 of 9



US POSTAGE »PITNEY BOWES

ZIP 70426   $ 003.46
02 1H
0001139.5190 NOV 09 201

Michael Wright 559705
Rayburn Correctional Center
27268 Hwy 21 N
Angie, Louisiana 70426

United States District Clerk
William W Blevins
Eastern District of Louisiana
500 Poydras St. Rm C151
New Orleans, LA. 70130